**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ADAM JOHN BRAILSFORD, | No. 05-77319 |
| Petitioner, | Agency No. A076-717-845 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2010
Pasadena, California

Before: SCHROEDER, RYMER and WARDLAW, Circuit Judges.

Adam John Brailsford is a citizen and native of South Africa. He petitions

for review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") conclusion that he is ineligible for adjustment of status

under the Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255, due to

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

his inadmissibility under INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

The government charged, and the BIA concluded, that Brailsford is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II), because of his two prior South African convictions for possession of controlled substances. Brailsford presented evidence that these convictions were expunged pursuant to a South African presidential pardon. However, on appeal, Brailsford has not met his burden to show that he is "clearly and beyond doubt entitled to be admitted and is not inadmissible." 8 U.S.C. § 1229a(c)(2)(A).

Brailsford's equal protection challenge that his South African presidential pardon should lead to a waiver, pursuant to 8 U.S.C. § 1227(a)(2)(A)(vi), fails. This statute is inapplicable, because Brailsford has been charged with inadmissibility pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II). Unlike 8 U.S.C. § 1227(a)(2)(A)(vi), which provides a waiver of deportability to aliens who have committed specifically enumerated crimes, but who have received a pardon from the President of the United States or by the Governor of any of the several States, 8 U.S.C. § 1182(a)(2)(A)(i)(II) does not provide waivers of inadmissibility based on

2

any pardon. Brailsford has failed to allege and prove that an alien with a foreign presidential pardon for controlled substance violations is treated any differently than those with domestic presidential pardons under INA § 212(a)(2)(A)(i)(II). *See Dillingham v. INS*, 267 F.3d 996, 1005-07 (9th Cir. 2001).

The BIA held, and the government concedes, that a conviction does not exist for immigration purposes if it was vacated due to defects in the underlying proceedings. *Matter of Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003). However, Brailsford failed to submit evidence to explain the basis for the expungement and presidential pardon before the IJ, and did not submit a motion to remand to the IJ with the BIA. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008). Should Brailsford obtain new evidence demonstrating that the pardon and expungement were granted due to a defect in the underlying proceedings, he may seek to reopen with the BIA. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c).

**PETITION DENIED.**